## IN RE: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION

### MDL No. 2687

United States Judicial Panel on Multidistrict Litigation.

February 4, 2016

Before Sarah S. Vance, Chair, Marjorie O. Rendell, Lewis A. Kaplan, Ellen Segal Huvelle, R. David Proctor, Catherine D. Perry *, Judges of the Panel

## TRANSFER ORDER

Sarah S. Vance, Chair

**Before the Panel:*** Plaintiff in a District of Minnesota action and plaintiff in a District of New Jersey action separately move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in, respectively, the District of Minnesota and the District of New Jersey. The litigation consists of nineteen actions listed on Schedule A. Additionally, the Panel has been notified of 27 related actions pending in six districts.[1]

All responding parties support centralization, but disagree as to the appropriate transferee district for this litigation. Plaintiffs in six actions and potential tag-along actions support centralization in the District of Minnesota. Plaintiffs in fourteen actions and potential tag-along actions and all but one responding defendant [2] support centralization in the District of New Jersey. Plaintiffs in nine actions and potential tag-along actions suggest centralization in the Eastern District of Pennsylvania, in the first instance or in the alternative.

▮ On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of this litigation in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that defendants conspired to fix prices; conspired to circumvent competitive bidding and independent pricing; and committed other anticompetitive practices designed to unlawfully fix, raise, maintain and stabilize the prices at which liquid aluminum sulfate was sold in the U.S. between 1997 and 2010, in violation of Section 1 of the Sherman Act. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of New Jersey has the closest nexus to this litigation. Several defendants are located in or near this district, including defendants named in most actions; and therefore, relevant documents and witnesses are likely to be found there. A related criminal action is pending in this district, and a majority of actions already are pending there.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Jose L. Linares for coordinated or consolidated pretrial proceedings.

---

* Judge Charles R. Breyer took no part in the decision of this matter.

1. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

2. Chemtrade Logistics Income Fund; Chemtrade Logistics, Inc.; Chemtrade Solutions, LLC; Chemtrade Chemicals US, LLC; Chemtrade Chemicals Corporation; General Chemical Corporation; GenTek, Inc.; General Chemical Performance Products, LLC; Frank A. Reichl; C & S Chemicals, Inc.; GEO Specialty Chemicals, Inc.; and Kemira Chemicals, Inc. Defendant Hawkins, Inc., takes no position as to the Section 1407 motion.

SCHEDULE A

MDL No. 2687—IN RE: LIQUID ALU-
MINUM SULFATE ANTITRUST LITI-
GATION

*District of Minnesota*

*City of Rochester, Minnesota v. Haw-
kins, Inc., et al.*, C.A. No. 0:15–04266
*Metropolitan Council v. Hawkins, Inc.,
et al.*, C.A. No. 0:15–04303

*District of New Jersey*

*Central Arkansas Water v. Reichl, et al.*,
C.A. No. 2:15–07827
*Detroit Water and Sewerage Depart-
ment v. Reichl, et al.*, C.A. No. 2:15–
07896
*Chester Water Authority v. Reichl, et
al.*, C.A. No. 2:15–07928
*City and County of Denver v. General
Chemical Performance Products, LLC,
et al.*, C.A. No. 2:15–07996
*City of Winter Park v. General Chemi-
cal Corporation, et al.*, C.A. No. 2:15–
08031
*Hazelton City Authority v. Reichl, et al.*,
C.A. No. 2:15–08056
*The City of Cincinnati v. Reichl, et al.*,
C.A. No.

*American Eagle Paper Mills, Inc. v.
Reichl, et al.*, C.A. No.
*Oakland County, Michigan v. Reichl, et
al.*, C.A. No. 2:15–08198
*Amrex Chemical Company, Inc. v.
Reichl, et al.*, C.A. No. 2:15–08227
*City of Greensboro v. Reichl, et al.*, C.A.
No. 2:15–08230
*City of Newark v. Reichl, et al.*, C.A. No.
2:15–08261
*The Brick Township Municipal Utili-
ties Authority, et al. v. Reichl, et al.*,
C.A. No. 2:15–08273
*The City of Texarkana, Arkansas, et al.
v. Reichl, et al.*, C.A. No. 2:15–08294
*Clarksville Light & Water Co. v. Gener-
al Chemical Corporation, et al.*, C.A.
No. 2:15–08295

*Eastern District of Pennsylvania*
*Environmental Research and Design,
Inc., et al. v. General Chemical Corpora-
tion, et al.*, C.A. No. 2:15–06421
*Flambeau River Papers, LLC v. Reichl,
et al.*, C.A. No. 2:15–06422